# EXHIBIT C

STATE OF MISSOURI  §
§
ST. LOUIS COUNTY  §

**AFFIDAVIT OF HARRY HAURY ON BEHALF OF CAIN & ASSOCIATES, LLC**

Before me, the undersigned notary, on this day personally appeared Harry Haury, whose identity is known to me, who under oath states as follows:

1. I am the acting CEO of Cain & Associates. I have no ownership interest in Cain & Associates.

2. Plaintiff served me with a subpoena for Cain & Associates, LLC, on March 1, 2023, that purported to allow me only 20 days to respond, and it's my understanding that the Defendants, and Defendants' counsel, with knowledge of the case, were given even less time. In addition, my own counsel and counsel for Cain & Associates has been out of the country since about March 3, 2023.

3. As of this writing, with input from other company representatives, Cain & Associates estimates the total cost to comply with Plaintiff's subpoena be $57,360 with the hourly breakdown in the table below. Accordingly, Cain & Associates seeks an order from the Court for reasonable compensation for company time and expenses.

| Role | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Cyber Investigator | 120 | $250 | $30,000 |
| Supervisor CISSP | 30 | $400 | $12,000 |
| Senior Architect | 20 | $483 | $9,660 |
| OSInt & Cyber Tech | 100 | $50 | $5,000 |
| Administrative | 14 | $50 | $700 |

4. Because Cain & Associates recently expended significant sums for contractors' work for the Los Angeles County DA's Office, without being paid for the work we did or the report we developed, the company has even less resources available, and more need for compensation, by Plaintiff, if it wants our time to produce and our work product.

5. In requesting information related to our work for the LA County DA, Plaintiff is requesting information that is both confidential to the client and proprietary to Cain & Associates and its work product. Because Los Angeles County has not yet paid for the work we did, it would be quite unfair and unreasonable to allow Plaintiff to have access to our work product without due compensation – an amount equal to about $230,000. Getting compensated by LA County may also be more difficult if Cain & Associates is forced to give up its work product to a third party, particularly the party against whose CEO the LA DA filed its indictment.

6. It is also my understanding that there is no protective order in place in the Underlying Litigation of Konnech, Inc. v. True the Vote et al., Civil Action No. 4:22-cv-03096 (S.D. Tex.).

7. Plaintiff has demanded documents with no obvious relevance to the Underlying Litigation, such as RFPs 9 (seeking information on users of Plaintiff's computers other than Defendants themselves), 18 (seeking documents apparently to prove that I am a principal of Cain & Associates), and 19 (seeking company social media handles and domain names for reasons unrelated to the Lawsuit).

I certify under penalty of perjury that the foregoing is true and correct.

Further Affiant Sayeth Not.

_Harry Haury_ (signature)
Harry Haury

Subscribed to and sworn before me on this 17 day of March, 2023.

BETHANY HARMON
Notary Public - Notary Seal
Franklin County - State of Missouri
Commission Number 22987422
My Commission Expires Oct 11, 2026

_Bethany Harmon_ (signature)
Notary Public in and for the state of Missouri